## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| CITY OF DALLAS;<br>CITY OF ABILENE;<br>CITY OF ALLEN;<br>CITY OF AMARILLO;<br>CITY OF ARLINGTON;<br>CITY OF AUSTIN;<br>CITY OF BEAUMONT;<br>CITY OF CARROLLTON;<br>CITY OF DENTON;<br>CITY OF FORT WORTH;<br>CITY OF FRISCO;<br>CITY OF GARLAND;<br>CITY OF GRAND PRAIRIE;<br>CITY OF HOUSTON;<br>CITY OF IRVING;<br>CITY OF LEWISVILLE;<br>CITY OF McKINNEY;<br>CITY OF MESQUITE;<br>CITY OF NACOGDOCHES;<br>CITY OF PEARLAND;<br>CITY OF PLANO;<br>CITY OF ROWLETT;<br>CITY OF SUGAR LAND;<br>CITY OF TYLER; and<br>CITY OF WACO,<br><br>     Plaintiffs,<br><br>vs.<br><br>DISNEY DTC, LLC;<br>HULU, LLC; and<br>NETFLIX, INC.,<br><br>     Defendants. | Case No. _____<br><br>Removed from the District Court of Dallas County, 14th Judicial District<br><br>*Jury Trial Demanded* |

## DEFENDANT NETFLIX, INC.'S NOTICE OF REMOVAL

Defendant Netflix, Inc. ("Netflix") hereby removes the above-captioned action from the

District Court of Dallas County, 14th Judicial District, to the United States District Court for the

Northern District of Texas pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

## I.      JURISDICTION

1.      As set forth below, this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because: (1) there is complete diversity among the parties; and (2) the amount placed in controversy by each plaintiff against each defendant exceeds $75,000, exclusive of interest and costs.  Removal is proper under 28 U.S.C. §§ 1441 and 1446.  This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because Netflix accepted service of Plaintiffs' Original Petition ("Petition") on August 19, 2022.  *See* Netflix Tex. R. Civ. P. 11 Letter (State Court Record Tab 12 [references to the state court record are labeled hereinafter "Tab __"]), at 1; Disney/Hulu Tex. R. Civ. P. 11 Letter (Tab 13), at 1.

## II.      BACKGROUND AND SUMMARY OF THE PETITION

2.      On or about July 28, 2022, Plaintiffs commenced this action (the "Action") by filing their Petition seeking declaratory judgment and other relief against Netflix, Hulu, LLC ("Hulu"), and Disney DTC, LLC ("Disney+," and together with Netflix and Hulu, "Defendants"), Case No. DC-22-09128, in the District Court of Dallas County, 14th Judicial District.  A copy of the Petition and the complete state court record is attached hereto.

3.      In the Petition, Plaintiffs allege that pursuant to the Texas Public Utility Regulatory Act (the "Act"), Tex. Util. Code §§ 66.001 *et seq.*, Defendants have been, and are now, "video service providers" that are subject to the Act but that have failed to comply with the Act's requirements.  *See* Pet. (Tab 2), ¶¶ 47-77.  Plaintiffs specifically allege that Defendants have failed to apply for a franchise and to pay franchise fees as required by the Act.  *See id.* ¶¶ 78-85.  Based on these allegations, Plaintiffs assert the following causes of action:

(1) Request for Declaratory Relief (*see* Pet. (Tab 2), at ¶¶ 86-87);

(2) Request for Injunctive Relief (*see id.* at ¶¶ 88-91);

(3) Request for An Accounting (*see id.* at ¶¶ 92-95);

(4) Trespass (*see id.* at ¶¶ 96-101);

(5) Unjust Enrichment and Monetary Relief (*see id.* at ¶¶ 102-105); and

(6) Request for Attorney's Fees (*see id.* at ¶ 106).

4.      Plaintiffs seek monetary and compensatory damages, declaratory relief, injunctive relief, and punitive damages.  *See* Pet. (Tab 2), at ¶¶ 107-118.  Plaintiffs also seek an order that Defendants must provide "an accounting of all monies Defendants owe Plaintiffs."  *Id.* at ¶ 112.

5.      Plaintiffs further request that the Court "hold a full trial on the merits, and, after the trial," grant a permanent injunction against Defendants (1) "requiring regular accountings, timely remittance of franchise fees to Plaintiffs"; (2) enjoining and restraining Defendants from "engaging in business within the boundaries of Plaintiffs and deriving gross revenues therefrom" without obtaining state-issued franchise authorization; and (3) enjoining and restraining Defendants from "further trespass upon Plaintiffs' property."  *See* Pet. (Tab 2), at ¶¶ 115-116.

6.      On August 19, 2022, Defendants accepted service of the Petition.  *See* Netflix Tex. R. Civ. P. 11 Letter (Tab 12), at 1; Disney/Hulu Tex. R. Civ. P. 11 Letter (Tab 13), at 1.

7.      Defendants have not yet responded to the Petition in this Action.

III.    **NO ADMISSION**

8.      For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Netflix assumes as true Plaintiffs' allegations in the Petition, but Netflix denies any liability in this case and also denies that Plaintiffs have a private right of action to assert their claims.  *See City of New Boston v. Netflix, Inc.*, 565 F. Supp. 3d 865, 867-71 (E.D.

Tex. 2021) (granting Netflix and Hulu's motion to dismiss action seeking franchise fees under the Act because municipality did not allege Netflix and Hulu were "holders" of state-issued certificates of franchise authority and the Act granted exclusive power to the Texas Public Utility Commission to require a company to obtain such certificates).   In alleging the amount in controversy and other matters in this removal pleading, Netflix does not concede any liability, damages, or any other claims or defenses.   Netflix is only stating what the stakes of litigation could be under Plaintiffs' allegations.   A removing party's "demonstration concerns what the plaintiff is *claiming* (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."   *Berniard v. Dow Chem. Co.,* 481 F. Appx. 859, 862 (5th Cir. 2010).

## IV.   THIS COURT IS THE PROPER VENUE

9.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the District Court of Dallas County, 14th Judicial District, a court within the Northern District of Texas.

## V.   THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

### A.   There Is Complete Diversity Among The Parties

10.     Plaintiffs are "lawfully existing home-rule Texas municipal corporation[s]."   *See* Pet. (Tab 2), ¶¶ 6-30; TEX. CONST. art. 11, Tex. Loc. Gov't Code § 9.001 *et seq.*   For purposes of diversity jurisdiction, cities are citizens of the state in which they are located.   *See Reeves v. City of Jackson*, 532 F.2d 491, 495 (5th Cir. 1976).   Each Plaintiff is thus a citizen of Texas.

11.     At the time of the filing of the Petition and at all times since, Netflix was and is a corporation formed under the laws of the State of Delaware with its principal place of business located in California.   Netflix is a citizen of Delaware and California for purposes of determining diversity jurisdiction.   *See* 28 U.S.C. § 1332(c)(1) (for purposes of section 1332, "a corporation

shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Netflix is not a citizen of Texas for purposes of diversity jurisdiction.

12.     At the time of the filing of the Petition and at all times since, Disney DTC, LLC, was and is a limited liability company formed under the laws of the State of Delaware with its principal place of business in California. Its sole member is Disney Streaming Services LLC, a Delaware limited liability company with its principal place of business in California. Disney Streaming Services LLC's sole member is Disney Enterprises, Inc., a Delaware corporation with a principal place of business in California. Disney DTC, LLC is a citizen of Delaware and California for purposes of determining diversity jurisdiction. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) (for diversity jurisdiction, a limited liability company is a citizen of any state in which a member of the company is a citizen); 28 U.S.C. § 1332(c)(1). Disney DTC, LLC is not a citizen of Texas for purposes of diversity jurisdiction.

13.     Hulu, LLC is a limited liability company formed under the laws of the State of Delaware with its principal place of business in California. It has three members. One member is TFCF-Hulu Holdings, Inc., a corporation organized under the laws of Delaware with its principal place of business in California. TFCF-Hulu Holdings, Inc. is thus a citizen of Delaware and California for purposes of determining diversity jurisdiction. Hulu, LLC's second member is ABC Enterprises Acquisition, LLC, a limited liability company whose sole member is a corporation that is a citizen of Delaware and California. Hulu, LLC's third member is NBCU New Site Holdings, LLC, a limited liability company whose members are citizens of Delaware and Pennsylvania. Hulu, LLC is a citizen of Delaware, California, and Pennsylvania for purposes of determining

diversity jurisdiction. *MidCap Media Fin., L.L.C.*, 929 F.3d at 314; 28 U.S.C. § 1332(c)(1).  Hulu,

LLC is not a citizen of Texas for purposes of diversity jurisdiction.

14.     Because Plaintiffs are all citizens of Texas and no Defendant is a citizen of Texas,

complete diversity is satisfied.  *See* 28 U.S.C. § 1332(a).

**B.      The Amount In Controversy Between Each Plaintiff And Each Defendant Exceeds $75,000**

15.     As there is complete diversity among the parties, this Court has original jurisdiction

as long as the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C.

§ 1332(a).

16.     Where a defendant removes a civil action to federal court and its notice of removal

includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional

threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by

the court."  *Burch v. JPMorgan Chase Bank, N.A.*, 821 Fed. Appx. 390, 391 (5th Cir. 2020); *see

also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014).

17.     The amount placed in controversy by each Plaintiff against each Defendant exceeds

$75,000, exclusive of interest and costs.

18.     Plaintiffs seek an order of "an accounting of all monies that Defendants owe

Plaintiffs, including compounded interest" and a "grant [of] a permanent injunction against

Defendants requiring regular accountings, timely remittance of franchise fees to Plaintiffs, and

enjoining and restraining Defendants from engaging in business within the boundaries of Plaintiffs

and deriving gross revenues therefrom without obtaining the required state-issued certificate of

franchise authority and without paying the required franchise fees."  Pet. (Tab 2), at ¶¶ 112, 115.

Plaintiffs further seek an award of "money damages for the amounts that Defendants have been

unjustly enriched at Plaintiffs' expense, including compounded interest (pre-judgment and post-

judgment) and penalties." *Id.* at ¶ 113.  The value of each part of this remedy must be included in

calculating the amount in controversy.  *See Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.

1983) ("[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value

of the right to be protected or the extent of the injury to be prevented."); *St. Paul Reinsurance Co.*

*v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (Texas statutory penalties considered when

analyzing amount in controversy requirement); *Cox v. Liberty Mut. & Credit Collection Servs.*,

No. 3:10-CV-1956-M, 2011 WL 98374, at *2 n.18 (N.D. Tex. Jan. 12, 2011) (same).

      19.     Plaintiffs also seek injunctive relief, which is properly included in the amount-in-

controversy calculation.  *See Leininger*, 705 F.2d at 729.  Here, Plaintiffs seek injunctive relief (1)

requiring Defendants to conduct "regular accountings, timely remittance of franchise fees to

Plaintiffs, and enjoining and restraining Defendants from engaging in business within the

boundaries of Plaintiffs and deriving gross revenues therefrom without obtaining the required

state-issued certificate of franchise authority and without paying the required franchise fees" and

(2) enjoining and restraining Defendants from "further trespass upon Plaintiffs' property" under

the Act, thereby depriving Netflix of fees from customers with billing zip codes associated with

the jurisdictions of Plaintiffs. Pet. (Tab 2), at ¶ 115–16.  Therefore, based on Plaintiffs' allegations,

the claims for injunctive relief place in controversy either:  (1) 5% of revenues (as claimed by

Plaintiffs under the Act) in Plaintiffs' jurisdictions going forward (if the franchise fees must be

paid to Plaintiffs); or (2) all fees collected in Plaintiffs' jurisdictions (if Netflix is barred from

making its content available to customers with billing zip codes encompassing Plaintiffs'

jurisdictions).  *See Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1014 (5th Cir. 1979)

("[T]he value of the matter in controversy is measured not by the monetary judgment which the

plaintiff may recover, but by the judgment's pecuniary consequence to those involved in the litigation.").

20.     Netflix understands that each Plaintiff intends to seek franchise fees as a percentage of Netflix's revenues from its customers with billing zip codes associated with that Plaintiff.  Based on a review of Netflix's corporate records, Netflix has received over $1.5 million in fees from customers with billing zip codes associated with the jurisdiction of each Plaintiff in the four years prior to the filing of the Petition.  *See* Tex. Util. Code § 66.005(b) (allowing municipalities to review business records to ensure accurate franchise fee compensation for the 48-month period preceding the date of the last franchise fee payment).  Plaintiffs collect a 5% tax on video service providers.  *See id.* § 66.005(a).  Because 5% of more than $1.5 million is more than $75,000, each Plaintiff is seeking at least $75,000 in back franchise fees alone from Netflix.  This amount, in conjunction with the claims for injunctive relief going forward in perpetuity that were placed in controversy by each Plaintiff, more than exceeds the $75,000 amount in controversy requirement.

21.     The amount placed in controversy by each Plaintiff against Hulu and Disney+ exceeds $75,000, exclusive of interest and costs, as well.  Based on a review of its corporate records, Hulu has received over $1.5 million in fees from customers with billing zip codes associated with the jurisdiction of each Plaintiff in the four years prior to the filing of the Petition. *See* Tex. Util. Code § 66.005(b) (allowing municipalities to review business records to ensure accurate franchise fee compensation for the 48-month period preceding the date of the last franchise fee payment).  Because 5% of more than $1.5 million is more than $75,000, each Plaintiff is seeking at least $75,000 in back franchise fees alone from Hulu.  This amount, in conjunction with the claims for injunctive relief going forward in perpetuity that were placed in controversy by each Plaintiff, more than exceeds the $75,000 amount in controversy requirement.

22.     Disney+ has also received over $1.5 million in fees from customers with billing zip codes associated with the jurisdiction of each Plaintiff, except with respect to the City of Beaumont, City of Mesquite, City of Nacogdoches, City of Rowlett, and City of Tyler, in the four years prior to the filing of the Petition.  These five cities, however, also seek significant penalties for Defendants' alleged "failure to comply with the applicable statutes, codes, and provisions of law since the provision of video service began and for the duration of this litigation."  Pet. (Tab 2), at ¶ 105.  For example, the City of Rowlett imposes penalties of $100 per day for non-compliance.  *See* Code of Ordinances City of Rowlett, Texas, App. B, Art. I, Sec. 23.03(I) (assessing penalties at $100 per day).  If the City of Rowlett fined Disney+ $100 per day for the past 48 months, that would amount to $146,000 in penalties against Disney+ alone.  The City of Allen threatens penalties of $2,000 per day.  *See* Code of Ordinances City of Allen, Texas, App. A, Art. II, Sec. 4(c) (assessing penalties at $2,000 per day).  Thus, combining damages sought, penalties, as well as the value of the prospective injunctive relief, the amount in controversy by each Plaintiff against Disney+ exceeds the $75,000 amount in controversy.

23.     Removal of this action is proper under 28 U.S.C. § 1441 because the requirements for general diversity jurisdiction under § 1332(a) are satisfied for each Defendant.

24.     Even if the Petition did not put at issue at least $75,000 in back and prospective franchise fees for each Plaintiff against each Defendant (which it does), when there are multiple plaintiffs in an action, as there are here, federal subject matter jurisdiction exists over all plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount.  *See Mitchell v. Bailey*, 982 F.3d 937, 943 (5th Cir. 2020); 28 U.S.C. § 1367.

25.      Claims are part of the same case or controversy when they are so related to the original claim that they derive from a common nucleus of operative fact. *Venable v. Louisiana Workers' Compensation Corp.*, 740 F.3d 937, 944 (5th Cir. 2013).

26.      Here, each Plaintiff alleges that, *inter alia*, Defendants "are using Plaintiffs' municipal public rights-of-way" and are required "to abide by [the Act] and to pay the franchise fees owed to Plaintiffs." Pet. (Tab 2), at ¶¶ 5, 85.  To the extent a particular Plaintiff has failed to place $75,000 in controversy with a particular Defendant, there is thus a "common nucleus of operative fact" between the claims of remaining Plaintiffs on these issues, and the Court can exercise supplemental jurisdiction over them.

## VI.      NETFLIX HAS COMPLIED WITH ALL THE PREREQUISITES FOR REMOVAL

27.      This Notice of Removal is timely because it was filed within 30 days of Defendants accepting service.  28 U.S.C. § 1446(b).  Defendants accepted service on August 19, 2022.  *See* Netflix Tex. R. Civ. P. 11 Letter (Tab 12), at 1; Disney/Hulu Tex. R. Civ. P. 11 Letter (Tab 13), at 1.

28.      Netflix has conferred with each other Defendant and each other Defendant has consented to the removal of this action, and they will separately file a consent with this Court.

29.      Pursuant to 28 U.S.C. § 1446(a), attached hereto are true and correct copies of the Petition and all process, pleadings, orders, and other documents on file in the state court.  *See* Tabs 1-15.  Netflix has not filed an answer or other response to the Petition in the District Court of Dallas County, 14th Judicial District prior to removal and is not aware of any currently pending motions in that court.

30.      Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies hereof will be sent to Plaintiffs' counsel and filed with the Clerk of the Court in the state

court action.  Netflix will also file proof of filing this Notice of Removal with the Clerk of the

Court in the state court action and proof of service on all adverse parties.

31.     Netflix reserves the right to amend or supplement this Notice of Removal, and

reserves all rights and defenses, including those available under Federal Rule of Civil Procedure

Rule 12.  In the event Plaintiffs file a motion to remand, or the Court considers remand *sua sponte*,

Netflix respectfully requests the opportunity to submit additional argument and/or evidence in

support of removal.

WHEREFORE, Netflix removes this case from the District Court of Dallas County, 14th

Judicial District, to the United States District Court for the Northern District of Texas.


Date:  September 16, 2022                    Respectfully submitted,

*/s/ Joshua J. Bennett*
Joshua J. Bennett
Texas Bar No. 24059444
Leon Carter
Texas Bar No. 03914300
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Tel: (214) 550-2112
Email: jbennett@carterarnett.com
Email: lcarter@carterarnett.com


Mary Rose Alexander (*pro hac vice* forthcoming)
Robert C. Collins III (*pro hac vice* forthcoming)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Email: mary.rose.alexander@lw.com
Email: robert.collins@lw.com

Jean A. Pawlow (*pro hac vice* forthcoming)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Tel: (202) 637-3330
Email: jean.pawlow@lw.com

*Counsel for Defendant Netflix, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on September 16, 2022, a copy of the foregoing

document was filed with the Clerk of the Court using the CM/ECF system, and was served by U.S.

Mail, postage prepaid, and by e-mail, on:

Steven D. Wolens
Gary Cruciani
McKOOL SMITH, P.C.
300 Crescent Court, Ste. 1500
Dallas, TX 75201
Phone: (214) 978-4000

Austin R. Nimocks
Johnny K. Sutton
Luis A. Reyes
Christopher L. Peele
Cory R. Liu
ASHCROFT SUTTON REYES LLC
919 Congress Ave, Ste. 1325
Austin, TX 78701
Phone: (512) 370-1800

Steven M. Berezney
Garrett R. Broshuis
Devin N. Dippold
KOREIN TILLERY LLC
505 N. 7th St., Ste. 3600
St. Louis, MO 63101
Phone: (314) 241-4844

On Behalf of City of Dallas
Christopher J. Caso
Texas Bar No. 03969230
CITY OF DALLAS
1500 Marilla St., Ste. 7DN
Dallas, TX 75201
(214) 670-3519
Chris.caso@dallascityhall.com

On Behalf of City of Abilene
Stanley E. Smith
Texas Bar No. 00791694
CITY OF ABILENE

555 Walnut St, Ste. 208
Abilene, TX 79601
(325) 676-6251
stanley.smith@abilenetx.gov

On Behalf of the City of Amarillo
Bryan McWilliams
Texas Bar No. 24049776
CITY OF AMARILLO
601 S. Buchanan
Amarillo, TX 79101
(806) 378-3000
bryan.mcwilliams@amarillo.gov

On Behalf of the City of Arlington
Teris Solis
Texas Bar No. 02899850
David Johnson
Texas Bar No. 24060026
CITY OF ARLINGTON
Mail Stop 63-0300
101 S. Mesquite St., Ste. 300
Arlington, TX 76010
(817) 459-6878
teris.solis@arlingtontx. gov

On Behalf of the City of Austin
Anne L. Morgan
City Attorney
Texas Bar No. 14432400
CITY OF AUSTIN
Law Department
P.O. Box 1088
Austin, TX 78767-1088
(512) 974-2268
anne.morgan@austintexas. Gov

On Behalf of the City of Beaumont
Sharae N. Reed
City Attorney
Texas Bar No. 24068467
CITY OF BEAUMONT
P.O. Box 3827
Beaumont, TX 77704-3 827
(409) 880-3715
sharae.reed@beaumonttexas.gov

On Behalf of City of Carrollton
Meredith A. Ladd
Texas Bar No. 24003368
CITY OF CARROLLTON
1945 E. Jackson Rd.
Carrollton, TX 75006
(972) 466-3000
meredith.1add@cityofcarrollton.com

On Behalf of City of Denton
Mack P. Reinwand
Texas Bar No. 24056195
CITY OF DENTON
215 E. McKinney St.
Denton, TX 76201
(940) 349-8333
mack.reinwand@cityofdenton.com

On Behalf of City of Fort Worth
Laetitia Coleman Brown
Texas Bar No. 00792417
CITY OF FORT WORTH
City Hall
200 Texas St.
Fort Worth, TX 76102
(817) 392-7600
laetitia. coleman@fortworthtexas.gov

On Behalf of City of Frisco
Richard M. Abernathy
Texas Bar No. 00809500
CITY OF FRISCO
Abernathy, Roeder, Boyd & Hullett P.C.
1700 Redbud B1Vd., Ste. 300
McKinney, TX 75069
(214) 544-4000
rabernathy@abernathy-law.com

On Behalf of City of Garland
Brian England
Texas Bar No. 24059722
CITY OF GARLAND
200 N. Fifth St.
Garland, TX 75040
(972) 205-2380

bengland@garlandtx.gov

On Behalf of City of Grand Prairie
Megan Mahan
Texas Bar No. 24061203
CITY OF GRAND PRAIRIE
P.O. Box 534045
Grand Prairie, TX 75053
(972) 237-8026
mmahan@gptx.org

On Behalf of City of Houston
Arturo Michel
Texas Bar No. 14009440
YuShan Chang
Texas Bar No. 24040670
CITY OF HOUSTON
Legal Department
900 Bagby St., 4th Fl.
Houston, TX 77002
(832) 393-6442
arturo.michel@houstontx.gov
yushan.chang@houstontx. gov

On Behalf of City of Houston
Ana Hernandez
Texas Bar No. 24046062
CITY OF HOUSTON
Ana Hernandez & Associates, PLLC
4101 Washington Ave.
Houston, TX 77007
(713) 337-3930
ana@anahlaw.com

On Behalf of City of Irving
Kuruvilla Oommen
City Attorney
Texas Bar No. 24007780
Janet Spugnardi
Deputy City Attorney
Texas Bar No. 24039192
CITY OF IRVING
825 W. Irving Blvd.
Irving, TX 75060
(972) 721 -2541 x3656
koommen@cityofirving.org

jspugnardi@cityofirving.org

On Behalf of City of Lewisville
Lizbeth I. Plaster
City Attorney
Texas Bar No. 00787750
CITY OF LEWISVILLE
P.O. Box 299002
Lewisville, TX 75029-9002
(972) 219-5059
lplaster@cityoflewisville.com

On Behalf of City of McKinney
Mark S. Houser
Texas Bar No. 10049500
CITY OF MCKINNEY
Brown & Hofrneister, L.L.P.
740 East Campbell Rd., Ste. 800
Richardson, TX 75081
(214) 747-6100
mhouser@bhlaw.net

On Behalf of City of Mesquite
David L. Paschall
Texas Bar No. 15553800
CITY OF MESQUITE
1515 N. Galloway Ave.
Mesquite, TX 75149
(972) 216-6272
dpaschall@cityofmesquite.com

On Behalf of City of Nacogdoches
Steven Kirkland
City Attorney
Texas Bar No. 1 1522200
CITY OF NACOGDOCHES
P.O. Box 635030
Nacogdoches, TX 75963
(936) 559-2503
kirklands@nactx.us

On Behalf of City of Pearland
Darrin M. Coker
Texas Bar No. 00795023
CITY OF PEARLAND
3519 Liberty Dr.

Pearland, TX 77581
(281) 652-1600
dcoker@pearlandtx.gov

On Behalf of City of Plano
Paige Mims
Texas Bar No. 00787550
CITY OF PLANO
1520 K Ave, Ste. 340
Plano, TX 75074
(972) 941-7125
paigem@plano.gov

On Behalf of City of Rowlett
David Berman
Texas Bar N0. 02206990
CITY OF ROWLETT
Nichols, Jackson, Dillard, Hager & Smith
1800 Ross Tower
500 N. Akard St.
Dallas, TX 75201
(214) 965-9900
dbelman@njdhs.com

On Behalf of City of Sugar Land
Meredith Riede
Texas Bar No. 24025614
CITY OF SUGAR LAND
P.O. Box 110
Sugar Land, TX 77487-0110
(281) 275-2700
mriede@sugarlandtx.gov

On Behalf of City of Tyler
Deborah Pullum
City Attorney
Texas Bar No. 00797269
CITY OF TYLER
P.O. Box 2039
Tyler, TX 75710
(903) 531-1161
dpullum@ty1ertexas.com

On Behalf of City of Waco
Jennifer Richie
Texas Bar No. 24007916

CITY OF WACO
P.O. Box 2570
Waco, TX 76702
(254) 750-5680
jenniferr@wacotx.gov

The undersigned hereby also certifies that on September 16, 2022, a copy of the foregoing

document was filed with the Clerk of the Court using the CM/ECF system, and was served upon

the following counsel of record via email:

Victor Jih
Russell Kostelak
Caleb Graves
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Tel.: (323) 210-2900
Email: vjih@wsgr.com
Email: rkostelak@wsgr.com
Email: cgraves@wsgr.com

*Counsel for Defendants Hulu, LLC and Disney DTC LLC*

*/s/ Joshua J. Bennett*
Joshua J. Bennett

*Counsel for Defendant Netflix, Inc.*