**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

CITY OF DALLAS;
CITY OF ABILENE;
CITY OF ALLEN;
CITY OF AMARILLO;
CITY OF ARLINGTON;
CITY OF AUSTIN;
CITY OF BEAUMONT;
CITY OF CARROLLTON;
CITY OF DENTON;
CITY OF FORT WORTH;
CITY OF FRISCO;
CITY OF GARLAND;
CITY OF GRAND PRAIRIE;
CITY OF HOUSTON;
CITY OF IRVING;
CITY OF LEWISVILLE;
CITY OF McKINNEY;
CITY OF MESQUITE;
CITY OF NACOGDOCHES;
CITY OF PEARLAND;
CITY OF PLANO;
CITY OF ROWLETT;
CITY OF SUGAR LAND;
CITY OF TYLER; and
CITY OF WACO,

        *Plaintiffs,*

v.

DISNEY DTC, LLC;
HULU, LLC; and
NETFLIX, INC.,

        *Defendants.*

CASE NO.  3:22-cv-02071-L

---

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION TO REMAND TO STATE COURT**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

## INTRODUCTION

Plaintiffs allege that Defendants are subject to Texas's Public Utility Regulatory Act ("PURA");[1] Defendants disagree. That core dispute will necessarily involve determining the scope of PURA and the Texas Legislature's intent in passing it. Thus, this case ultimately will require a ruling that affects the fiscal operations of Texas and Texas municipalities. Five other federal courts, in cases involving similar state statutes and in suits involving at least some of the Defendants here, have held these cases should be remanded to state courts based on the Supreme Court's comity doctrine.[2] None have refused to remand.

Defendants have offered no reason for this Court to go against these five decisions. Defendants rehash arguments that these five courts rejected and that no court has accepted in a fee case such as this one. This Court should continue the trend and remand this case.

## ARGUMENT

### I.     Federal Courts Can Remand on Non-Statutory Grounds.

Defendants half-heartedly argue that federal courts lack authority to remand a case on non-statutory grounds. The centerpiece of that argument is *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), a case that has been abrogated on this very issue. *See*

---

[1]  Tex. Util. Code § 66.001 *et seq.*

[2]  *See City of Fishers v. DIRECTV*, 5 F.4th 750 (7th Cir. 2021); *City of Kenner v. Netflix, Inc.*, No. 21-00445, ECF No. 61 (E.D. La. Mar. 31, 2022); *Village of Shiloh v. Netflix*, No. 3:21-cv-807, 2022 WL 873822 (S.D. Ill. Mar. 24, 2022); *Gwinnett Cty.  v. Netflix, Inc.*, No. 1:21-cv-21-MLB, 2021 WL 3418083 (N.D. Ga. Aug. 5, 2021); *City of Creve Coeur v. DIRECTV, LLC*, No. 4:18cv1453, 2019 WL 3604631 (E.D. Mo. Aug. 6, 2019) (remand consolidated with Netflix and Hulu).

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353–54 (1988).[3] At least five federal appellate courts, including one in a franchise fee case involving Defendants, have since recognized that *Cohill* "clearly overruled *Thermtron* to the extent that *Thermtron* had held that only statutory grounds for remand are authorized." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999) (quoting *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1214 (3d Cir. 1991)); *accord City of Fishers*, 5 F.4th at 758 (stating *Cohill* limited *Thermtron*'s holding); *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 n.12 (10th Cir. 2017) (recognizing ability to remand on non-statutory grounds, citing *Snapper*); *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1501–02 (8th Cir. 1992) (discussing *Thermtron*, *Cohill*, and *Foster* and holding "the district court had the authority to remand this case to state court based on abstention, a reason not expressly articulated in § 1447(c)").[4] One district court also noted that Defendants have "mischaracterize[d] the effect of" *Cohill* "on the application to *Thermtron* to cases such as this." *Gwinnett Cty*, 2021 WL 3418083 at *3. Simply put, Defendants' position is legally wrong.

Defendants' cases cited in support of this point are inapposite. *In re Wilson Industries, Inc.*, 886 F.2d 93, 95 (5th Cir. 1989) concerned whether a plaintiff could "precipitate a remand

---

[3] *Cohill* explained that the language in *Thermtron*, "viewed in isolation, is admittedly far-reaching, but it loses controlling force when read against the circumstances of that case." 484 U.S. at 355. While *Thermtron* involved a "clearly impermissible remand" based on simply an "overcrowded docket," "an entirely different situation is presented when the district court has clear power to decline to exercise jurisdiction," which "best serves the principles of economy, convenience, fairness, and comity." *Id.* at 356–57.

[4] *See also Rothner v. City of Chicago*, 879 F.2d 1402, 1407 n.5, 1416 (7th Cir. 1989) ("The point on which [*Cohill*] departed from *Thermtron* was whether a district court could exercise its inherent, non-statutory power to remand a case on common law grounds," and stating that *Cohill* instructed that the remand statute "does not contain *all* of the permissible grounds for remand. Courts often supplement statutory rules with judge-made rules."); *Corcoran v. Ardra Ins. Co.*, 842 F.2d 31, 36 (2d Cir. 1988), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

of an action by amending the complaint to eliminate the basis for removal." The parties in *Lancaster v. Aerotek, Inc.*, No. 4:21-cv-481, 2021 WL 6754281 (E.D. Tex. July 12, 2021) offered no basis for remand other than that the parties had stipulated to do so. *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1341 (S.D. Tex. 1995) dealt with fraudulent joinder and premature removal questions in a case involving statutory removal. And *Louisiana v. AAA Ins.*, No. 07-5528, 2011 WL 5118859, at *11 (E.D. La. Oct. 28, 2011) did not concern state revenue and thus did not invoke comity even though the plaintiff was a sovereign state.

## II.   Comity Abstention is Proper.

Defendants argue that (a) there is no pending state proceeding to support abstention; (b) Plaintiffs' claims are for damages and therefore cannot be remanded; and (c) comity abstention only applies to claims filed in federal court by taxpayers challenging state taxing schemes. None of these claims are availing.

First (at 9–10), Defendants argue that, because Texas's administrative procedures for collecting taxes do not apply to the PURA fees, there is no "pending state proceeding" and *Levin* comity cannot apply. But *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010) does not require a "pending state proceeding" for comity to apply. *Gwinnett Cty.*, 2021 WL 3418083 at *5 (rejecting Defendants' argument and noting that "Defendants cite no authority indicating that any comity case has ever required a 'pending state proceeding' requirement"). Defendants' supporting cases, dropped in footnotes, discuss *other* types of abstention and have nothing to do with *Levin* comity. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (*Younger* abstention); *Steffel v. Thompson*, 415 U.S. 452, 462 (1974) (*Younger* abstention); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 509 (1972) (*Younger* abstention); *Jackson-Platts v. Gen. Elec.*

3

*Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (*Colorado River* abstention ). Neither *Younger* nor *Colorado River* abstention is at issue here, and cases concerning those doctrines are irrelevant. *Gwinnett Cty.*, 2021 WL 3418083 at *5 n.6 (finding *Younger* and *Colorado River* abstention cases irrelevant to comity remands). Moreover, Defendants ignore that PURA provides distinct processes and procedures for the payment of fees and that the underlying lawsuit filed in state court is the exercise of PURA's express enforcement mechanism. Thus, there was (and is) a pending state proceeding in the form of a state court case that was initially filed in state court and is there now after the district court's remand.

Defendants next argue (at 10–11) that an action for damages cannot be remanded based on abstention principles, relying on *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 719 (1996). But courts have already rejected this exact argument too. *Gwinnett Cty.*, 2021 WL 3418083 at *6 (holding that "*Quackenbush* was discussing *Younger* and *Burford* abstention when making this point, not *Levin/McNary* comity").[5] "And *Quackenbush* specifically distinguished *McNary* [(itself a case for damages)] in regard to this principle." *Id.* (citing *Quackenbush*, 517 U.S. at 719). Moreover, *Quackenbush* "acknowledged the Court had approved the application of abstention principles in declaratory judgment actions." *Id.* (citing *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 300 (1943)). Here, Plaintiffs seek a declaratory judgment that Defendants are subject to PURA and then the follow-on equitable relief to establish back fees that Defendants owe under that statute but have not paid—concrete monetary relief that is

---

[5] Although Defendants waived this point in *City of Fishers*, the Seventh Circuit expressed serious doubt about Defendants' argument here, finding that their reading of *Quackenbush* was too broad and noting that the "Supreme Court has permitted abstention in at least one case involving a request for declaratory relief tied to a damages action." *City of Fishers*, 5 F.4th at 758–59 (citing *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 111 (1981)).

the direct consequence of the declaration and is not akin to common-law "damages."[6]  Thus, *Quackenbush* is inapplicable.

It also makes no difference that Plaintiffs' claims "do not constitute taxpayer challenges to state tax laws," as Defendants argue (at 12). In fact, many cases remanded for comity do not comprise such taxpayer challenges. Some, as here, have been brought by local governments. *See City of Fishers*, 5 F.4th 750; *City of Maryland Heights v. TracFone Wireless, Inc.*, No. 4:12cv00755, 2013 WL 791866, at *1 (E.D. Mo. Mar. 4, 2013); *City of Creve Coeur v. DIRECTV, LLC*, No. 4:18cv1453, 2019 WL 3604631, at *5 (E.D. Mo. Aug. 6, 2019); *see also Normand v. Cox Communications, LLC*, 848 F. Supp. 2d 619, 626 (E.D. La. 2012) (suit brought by state tax collector). Others have been brought by one company against another, *Saskatchewan Mut. Ins. Co. v. CE Design, Ltd.*, 865 F.3d 537 (7th Cir. 2017), or by an employee against a company, *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119 (9th Cir. 2016), or by a consumer against a company, *Gwozdz v. HealthPort Techs., LLC*, 846 F.3d 738 (4th Cir. 2017).[7]

Thus, consistent with *Levin*'s broad language, courts have repeatedly invoked the comity doctrine to remand cases about fees.[8] Defendants implore the Court to adopt Judge

---

[6] *See Minebea Co. v. Papst*, 444 F. Supp. 2d 68, 183 n.89 (D.D.C. 2006) ("Needless to say, an accounting is an equitable remedy that may require the payment of money; but such payment does not constitute damages, which is a remedy at law, not in equity."); *Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 700 & n.8 (S.D. Tex. 2002) (holding that an equitable accounting is distinct from an award of money damages, even though such a remedy yields an award of money).

[7] *Lisowski v. Walmart Stores, Inc.*, No. 2:20-cv-1729, 2021 WL 62627, at *2–*3 (W.D. Pa. Jan. 7, 2021), a case arising under CAFA, is nothing like this case. The plaintiff in that case "suggest[ed] in his complaint that the tax-law issues have already been resolved by the Commonwealth." *Id.* at *3. *Lisowski* stands for the unremarkable point that federal courts can adjudicate cases that do not implicate novel and complex state tax-law issues.

[8] *See Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276, 287 (1909); *City of Fishers*, 5 F.4th 750; *Z&R Cab, LLC v. Phila. Parking Auth.*, 616 F. App'x 527, 531 (3d Cir. 2015); *Homewood Vill., LLC v. Unified Gov't of Athens-Clarke Cty.*, No. 3:15-cv-23, 2016 WL 1306554, at *1, *3 (M.D. Ga. Apr. 1,

Ambro's concurring views in *Z&R Cab*, but those views *failed* to attract a majority and are against the weight of authority. Defendants also ignore that they conceded that the comity doctrine applies to fees in the Seventh Circuit. *City of Fishers*, 5 F.4th at 755. Federal appellate courts often take note of parties' concessions in other cases. *See, e.g.*, *United States v. Clark*, 184 F.3d 858, 871 (D.C. Cir. 1999).

Defendants rely yet again (at 11) on stale authority to support their argument, citing *Hibbs v. Winn*, 542 U.S. 88, 107 n.9 (2004). The Supreme Court in *Levin* thoroughly distinguished *Hibbs* and expressly overruled a line of cases that used the *Hibbs* footnote to hold that comity was coextensive with the Tax Injunction Act ("TIA") and only forecloses actions brought by taxpayers to reduce taxes. *Levin* clarified that the *Hibbs* footnote did not "restrict comity's compass," and reiterated that the comity doctrine is "more embracive than the TIA." 560 U.S. at 424, 430–31; *see also City of Fishers*, 5 F.4th at 754–55, 759 (discussing *Levin*'s clarification of *Hibbs*). Defendants are therefore wrong to rely on the *Hibbs* footnote.

There is no reason to believe the Supreme Court would endorse the tax-versus-fee distinction that Defendants ask this Court to adopt. The principles underlying the comity doctrine are based on federal courts' appropriate reluctance to tell the States what revenue they can and cannot collect. Whether that revenue is in the form of a fee rather than a tax is

---

2016), *aff'd*, 677 F. App'x 623 (11th Cir. 2017); *Gwinnett Cty.*, 2021 WL 3418083; *City of Creve Coeur*, 2019 WL 3604631.

The fact that *Homewood Village* involved a dismissal instead of a remand is irrelevant. "*Cohill* established that remand is appropriate when a district court has discretion to dismiss a case." *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1203 (5th Cir. 1991).

immaterial. A federal decree prohibiting collection of a fee is just as insulting to federalism and as disruptive to State revenue as a federal decree prohibiting collection of a tax.

### III.    The *Levin* Factors Weigh in Favor of Remand.

Plaintiffs' opening brief (at 10–11) established that all *Levin* factors weigh in favor of remand. Defendants argue otherwise, first asserting (at 15) that "a removed damages action" differs from a federally filed action seeking "federal-court review of commercial matters over which [Texas] enjoys wide regulatory latitude." *Levin*, 560 U.S. at 431. But Plaintiffs primarily seek declaratory relief (see pp. 4–5, *supra*). Defendants' removal places this case squarely alongside state taxpayer cases filed in federal court such as *DIRECTV, Inc. v. Tolson*, 513 F.3d 119, 125 (4th Cir. 2008) (affirming dismissal on comity grounds), where DIRECTV had sued for a state franchise fee regime to "be declared unconstitutional." The Fourth Circuit found the validity and constitutionality of franchise fees to be a "prerogative that North Carolina's General Assembly has seen fit to reserve to itself. It is just this sort of heavy-handed federal court interference in state taxation that the principle of comity is intended to avoid." *Id.* Comity precludes a federal declaration or injunction against the collection of a state tax.

There is no reason to accord Texas less deference than North Carolina simply because Defendants seek this relief following a removal instead of an initial federal court filing. *Levin* did not limit the comity doctrine in enforcement actions. Comity applies because Defendants seek federal court intervention in the local fee collection. *City of Fishers*, 5 F.4th at 755 (stating the same and finding the distinction between who raised the claims "is of little moment"); *Gwinnett Cty.*, 2021 WL 3418083 at *6 (stating same "regardless of who brought the underlying suit"). "[I]f comity is to mean anything, it would seemingly restrain the prospect of federal

court orders disrupting a state's efforts to collect its life blood of revenue pursuant to the state's own law." *Gwozdz*, 846 F.3d at 743. That prospect is why Defendants sought removal— a federal court order telling the State of Texas and its local governments what fees they can and cannot collect. That is the exact situation that *Levin* says should be avoided. By removing this case, Defendants are seeking "federal court intervention in matters over which the State of [Texas] and its municipalities have traditionally 'enjoy[ed] wide regulatory latitude'— specifically, utility regulation and gross revenue fees." *Gwinnett Cty.*, 2021 WL 3418083 at *5 (quoting *Levin*, 560 U.S. at 431); *see also City of Creve Coeur*, 2019 WL 3604631, at *5.

Second, Defendants claim that their removal is not an attempt to seek "federal-court aid in an endeavor to improve their competitive position." *Levin*, 560 U.S. at 431. But courts in similar cases have held otherwise.[9]

Third, Defendants claim (at 16) that "the absence of any pending state tax process or administrative proceeding regarding the franchise fees" necessarily shows that Texas courts are no better positioned than federal courts to review the issues posed in this case. But, as stated at pp. 3–4 *supra*, there is *no* requirement for state processes under the *Levin* factors, and even if there were the case filed in state court would qualify.

Defendants admit (at 17) that they have lost this very argument in five other franchise fee cases,[10] but argue that these decisions can be traced back to *Normand v. Cox Communications,*

---

[9]  *City of Fishers*, 5 F.4th at 756 ("[W]e agree with the district court's observation that the streaming platforms removed the case and oppose the cities' demand for fees as part of an attempt to maintain a competitive advantage over traditional cable providers."); *Gwinnett Cty.*, 2021 WL 3418083 at *5 ("Defendants invoke the Court's jurisdiction to improve their competitive position, namely over traditional cable television and landline telephone providers that pay franchise fees under the Act.").

[10] *See* n.2, *supra* (listing cases).

*LLC*, 848 F. Supp. 2d 619 (E.D. La. 2012). The *Normand* court found that the comity doctrine required it to remand, and it is not the only case outside of the franchise-fee context to do so. *See City of Maryland Heights*, 2013 WL 791866 (declining to exercise jurisdiction under *Levin* over case involving business-license taxes and remanding to state court); *Associated Elec. Coop., Inc. v. Town of Dell,* No. 3:12CV00110–JMM, 2012 WL 2789708, at * 1 (E.D. Ark. July 9, 2012) (declining to exercise jurisdiction under *Levin* over challenge to enforcement of town's privilege taxes). Defendants argue (at 19) that "the Louisiana district court has limited *Normand* to its unique factual context," yet one of the very fee remand decisions came from that same Louisiana district court. *Compare Boudreaux v. La. State Bar Ass'n*, 433 F. Supp. 3d 942, 962–63 (E.D. La. 2020) (allegedly limiting *Normand*) *with City of Kenner v. Netflix, Inc.*, No. 21-00445, ECF No. 61 (E.D. La. Mar. 31, 2022) (refusing to exercise jurisdiction under *Levin* without citation to *Normand* or *Boudreaux*). Defendants have lost this dispute before the very court that they claim limited comity.

Defendants next put forth the idea (at 16–17) that there can be no comity concern here because "[a]ny such federal interference *already* occurred in *City of New Boston* (where a Texas municipality voluntarily submitted resolution of this issue to the federal court)." Defendants cite no case for this proposition, likely because it is so obviously false. *City of New Boston*, a dismissal that was never appealed, applies only to the single plaintiff in that case. The City of New Boston was free to have its case heard in federal court, but no authority holds that, in voluntarily invoking federal jurisdiction, the City of New Boston bound Plaintiffs, other Texas municipalities, the State of Texas, or its agencies to Judge Schroeder's holding. Defendants do not—and cannot—allege that Plaintiffs are estopped from having this Court remand the case

to the Texas state courts. Nor would Texas state courts be bound by the federal court's interpretation.

## CONCLUSION

The remand issue here is identical to *City of Fishers*, *City of Creve Coeur*, *City of Kenner*, *Village of Shiloh*, and *Gwinnett County*—cases involving the same Defendants, many of the same attorneys, and the same comity issues arising under state franchise fee statutes. Defendants have taken a sixth bite at the federal apple, but their arguments are no better today than the five prior times. There is no reason to treat Texas's municipalities and courts worse than those of Indiana, Missouri, Louisiana, Illinois, and Georgia or to afford them less deference regarding local revenue collection.

Overall, Defendants have failed to explain *why* this case is better suited for federal court than state court. Defendants' position amounts to federal paternalism, paying short shrift to the federal-state balance that the Supreme Court has repeatedly instructed lower courts to respect. The case should be remanded to Texas state court.

Dated: November 3, 2022                    */s/ Steven Wolens*
                                           Steven D. Wolens
                                           Texas Bar No. 21847600
                                           Gary Cruciani
                                           Texas Bar No. 05177300
                                           MCKOOL SMITH, P.C.
                                           300 Crescent Court, Ste. 1500
                                           Dallas, TX 75201
                                           Phone: (214) 978-4000
                                           swolens@mckoolsmith.com
                                           gcruciani@mckoolsmith.com

*/s/ Austin R. Nimocks*

Austin R. Nimocks
Texas Bar No. 24002695
Johnny K. Sutton
Texas Bar No. 19534250
Luis A. Reyes
Texas Bar No. 90001831
Christopher L. Peele
Texas Bar No. 24013308
Cory R. Liu
Texas Bar No. 24098003
ASHCROFT SUTTON REYES LLC
919 Congress Ave., Ste. 1325
Austin, TX 78701
Phone: (512) 370-1800
animocks@ashcroftlawfirm.com
jsutton@ashcroftlawfirm.com
lreyes@ashcroftlawfirm.com
cpeele@ashcroftlawfirm.com
cliu@ashcroftlawfirm.com

Steven M. Berezney (*pro hac vice*)
Missouri Bar No. 56091
Garrett R. Broshuis (*pro hac vice*)
Missouri Bar No. 65805
KOREIN TILLERY LLC
505 N. 7th St., Ste. 3600
St. Louis, MO 63101
Phone: (314) 241-4844
Fax: (314) 241-1854
sberezney@koreintillery.com
gbroshuis@koreintillery.com

*Attorneys for Plaintiffs*

On Behalf of City of Dallas
Christopher J. Caso
Texas Bar No. 03969230
CITY OF DALLAS
1500 Marilla St., Ste. 7DN
Dallas, TX 75201
(214) 670-3519
chris.caso@dallascityhall.com

11

On Behalf of City of Abilene
Stanley E. Smith
Texas Bar No. 00791694
CITY OF ABILENE
555 Walnut St., Ste. 208
Abilene, TX 79601
(325) 676-6251
stanley.smith@abilenetx.gov

On Behalf of the City of Amarillo
Bryan McWilliams
Texas Bar No. 24049776
CITY OF AMARILLO
601 S. Buchanan
Amarillo, TX 79101
(806) 378-3000
bryan.mcwilliams@amarillo.gov

On Behalf of the City of Arlington
Molly Shortfall
Texas Bar No. 24049382
David Johnson
Texas Bar No. 24060026
CITY OF ARLINGTON
Mail Stop 63-0300
101 S. Mesquite St., Ste. 300
Arlington, TX 76010
(817) 459-6878
molly.shortall@arlingtontx.gov
david.johnson@arlingtontx.gov

On Behalf of the City of Austin
Anne L. Morgan
City Attorney
Texas Bar No. 14432400
CITY OF AUSTIN
Law Department
P.O. Box 1088
Austin, TX 78767-1088
(512) 974-2268
anne.morgan@austintexas.gov

12

On Behalf of the City of Beaumont
Sharae N. Reed
City Attorney
Texas Bar No. 24068467
CITY OF BEAUMONT
P.O. Box 3827
Beaumont, TX 77704-3827
(409) 880-3715
sharae.reed@beaumonttexas.gov

On Behalf of City of Carrollton
Meredith A. Ladd
Texas Bar No. 24003368
CITY OF CARROLLTON
1945 E. Jackson Rd.
Carrollton, TX 75006
(972) 466-3000
meredith.ladd@cityofcarrollton.com

On Behalf of City of Denton
Mack P. Reinwand
Texas Bar No. 24056195
CITY OF DENTON
215 E. McKinney St.
Denton, TX 76201
(940) 349-8333
mack.reinwand@cityofdenton.com

On Behalf of City of Fort Worth
Laetitia Coleman Brown
Texas Bar No. 00792417
CITY OF FORT WORTH
City Hall
200 Texas St.
Fort Worth, TX 76102
(817) 392-7600
laetitia.coleman@fortworthtexas.gov

13

On Behalf of City of Frisco
Richard M. Abernathy
Texas Bar No. 00809500
CITY OF FRISCO
Abernathy, Roeder, Boyd & Hullett P.C.
1700 Redbud Blvd., Ste. 300
McKinney, TX 75069
(214) 544-4000
rabernathy@abernathy-law.com

On Behalf of City of Garland
Brian England
Texas Bar No. 24059722
CITY OF GARLAND
200 N. Fifth St.
Garland, TX 75040
(972) 205-2380
bengland@garlandtx.gov

On Behalf of City of Grand Prairie
Megan Mahan
Texas Bar No. 24061203
CITY OF GRAND PRAIRIE
P.O. Box 534045
Grand Prairie, TX 75053
(972) 237-8026
mmahan@gptx.org

On Behalf of City of Houston
Arturo Michel
Texas Bar No. 14009440
YuShan Chang
Texas Bar No. 24040670
CITY OF HOUSTON
Legal Department
900 Bagby St., 4th Fl.
Houston, TX 77002
(832) 393-6442
arturo.michel@houstontx.gov
yushan.chang@houstontx.gov

14

On Behalf of City of Houston
Ana Hernandez
Texas Bar No. 24046062
CITY OF HOUSTON
Ana Hernandez & Associates, PLLC
4101 Washington Ave.
Houston, TX 77007
(713) 337-3930
ana@anahlaw.com

On Behalf of City of Irving
Kuruvilla Oommen
City Attorney
Texas Bar No. 24007780
Janet Spugnardi
Deputy City Attorney
Texas Bar No. 24039192
CITY OF IRVING
825 W. Irving Blvd.
Irving, TX 75060
(972) 721-2541 x3656
koommen@cityofirving.org
jspugnardi@cityofirving.org

On Behalf of City of Lewisville
Lizbeth I. Plaster
City Attorney
Texas Bar No. 00787750
CITY OF LEWISVILLE
P.O. Box 299002
Lewisville, TX 75029-9002
(972) 219-5059
lplaster@cityoflewisville.com

On Behalf of City of McKinney
Mark S. Houser
Texas Bar No. 10049500
CITY OF MCKINNEY
Brown & Hofmeister, L.L.P.
740 East Campbell Rd., Ste. 800
Richardson, TX 75081
(214) 747-6100
mhouser@bhlaw.net

15

On Behalf of City of Mesquite
David L. Paschall
Texas Bar No. 15553800
CITY OF MESQUITE
1515 N. Galloway Ave.
Mesquite, TX 75149
(972) 216-6272
dpaschall@cityofmesquite.com

On Behalf of City of Nacogdoches
Steven Kirkland
City Attorney
Texas Bar No. 11522200
CITY OF NACOGDOCHES
P.O. Box 635030
Nacogdoches, TX 75963
(936) 559-2503
kirklands@nactx.us

On Behalf of City of Pearland
Darrin M. Coker
Texas Bar No. 00795023
CITY OF PEARLAND
3519 Liberty Dr.
Pearland, TX 77581
(281) 652-1600
dcoker@pearlandtx.gov

On Behalf of City of Plano
Paige Mims
Texas Bar No. 00787550
CITY OF PLANO
1520 K Ave., Ste. 340
Plano, TX 75074
(972) 941-7125
paigem@plano.gov

16

On Behalf of City of Rowlett
David Berman
Texas Bar No. 02206990
CITY OF ROWLETT
Nichols, Jackson, Dillard, Hager & Smith
1800 Ross Tower
500 N. Akard St.
Dallas, TX 75201
(214) 965-9900
dberman@njdhs.com

On Behalf of City of Sugar Land
Meredith Riede
Texas Bar No. 24025614
CITY OF SUGAR LAND
P.O. Box 110
Sugar Land, TX 77487-0110
(281) 275-2700
mriede@sugarlandtx.gov

On Behalf of City of Tyler
Deborah Pullum
City Attorney
Texas Bar No. 00797269
CITY OF TYLER
P.O. Box 2039
Tyler, TX 75710
(903) 531-1161
dpullum@tylertexas.com

On Behalf of City of Waco
Jennifer Richie
Texas Bar No. 24007916
CITY OF WACO
P.O. Box 2570
Waco, TX 76702
(254) 750-5680
jenniferr@wacotx.gov

17

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, I hereby certify that the parties conferred about the motion to remand. The conference was attended by Steven M. Berezney and Garrett R. Broshuis (for Plaintiffs) and Jamie Drillette and Leon Carter (for Defendants) and resulted in a scheduling stipulation for anticipated motions. Defendants indicated at the conference that they oppose Plaintiffs' motion.

/s/      *Steven Wolens*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent via operation of the Court's ECF system to all counsel of record.

/s/      *Steven Wolens*